# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| LEOTIS THOMAS | CIVIL ACTION NO. 09-1703-P |
| VERSUS | JUDGE HICKS |
| WARDEN DAUZAT | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Leotis Thomas ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this Court on September 25, 2009.  Petitioner is incarcerated at the Tensas Parish Detention Center in Waterproof, Louisiana.  He challenges his state court conviction and sentence.  He names Warden Dauzat as respondent.

On August 8, 2007, Petitioner was convicted of one count of first degree robbery in Louisiana's First Judicial District Court, Parish of Caddo.  Subsequently, he entered a plea of guilty to an amended habitual offender bill charging him as second felony offender.  On January 31, 2008, he was sentenced to 42 years imprisonment at hard labor.

In support of this petition, Petitioner alleges the evidence was insufficient to support his conviction.

For the reasons stated below, Petitioner's application for <u>habeas</u> relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

<u>Habeas</u> <u>corpus</u> relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  However, the right to pursue <u>habeas</u> relief in federal court is not unqualified.  It is well settled that a petitioner seeking federal <u>habeas</u> <u>corpus</u> relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies.  <u>See Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Minor v. Lucas</u>, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations.  <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); <u>Rose</u>, 455 U.S. at 509, 102 S. Ct. at 1198.  Moreover, in the event that the record or the <u>habeas</u> <u>corpus</u> petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim.  <u>See</u> <u>Resendez v. McKaskle</u>, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner filed a direct appeal in the Louisiana Second Circuit Court of Appeal but admits that he did not seek writs of review in the Supreme Court of Louisiana.  He further admits that he has not filed an application for post conviction relief.  Thus, Petitioner has failed to exhaust all available state court remedies.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DISMISSED WITHOUT PREJUDICE.**

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party.  <u>See</u> <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 10th day of December, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE